# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA E. HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. 1:25-cv-00522-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND OR ALTERNATIVELY DECLINE THE EXERCISE OF SUPPLEMENTAL JURISDICTION<br><br>(ECF No. 7)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Before the Court is Plaintiff Joshua E. Hernandez's motion to remand this matter back to California Superior Court, Fresno County. A hearing was held in this matter on July 9, 2025. Laura Ellen Goolsby, Esq., appeared on behalf of Plaintiff. Mehgan Anne Gallagher, Esq., appeared on behalf of Defendant Tesla, Inc. Based on the papers, the record, and the arguments presented at the hearing, the Court will recommend denying Plaintiff's motion to remand or, alternatively, decline the exercise of supplemental jurisdiction.

## I.

## BACKGROUND

This is a lemon law case. (ECF No. 1-1.) Plaintiff alleges that he entered into a written warranty contract with Defendant for a vehicle, which included a basic warranty, a drivetrain/powertrain warranty, and a California emissions warranty. (Id. at ¶ 7.) Plaintiff "justifiably revoked acceptance" of the vehicle because prior to the sale of the vehicle, Defendant "failed to disclose the existence of the vehicle's defects to Plaintiff, and Tesla failed to disclose its

1  inability to repair these defects, which prevented the vehicle from conforming to its applicable
2  warranties." (Id. at ¶ 20.)  Moreover, Plaintiff alleges that "the dealers were not properly
3  repairing the defects to the vehicle and knew that the limited work that Tesla had authorized its
4  dealerships to perform on those vehicles would not eliminate the problems." (Id.)

5  On at least four separate occasions, Plaintiff brought the vehicle to Defendant's authorized
6  repair facilities for repairs, and each time, Defendant's facilities returned the vehicle to Plaintiff
7  with assurances that the problems had been resolved. (Id. at ¶ 21.) Thereafter, Plaintiff went to
8  Defendant's authorized dealers with complaints regarding the numerous repairs and recurring
9  problems. (Id. at ¶ 22.) It was not around until August 2024 that Plaintiff learned that Defendant
10  and its authorized facilities could not repair the vehicle to conform with the warranties. (Id.)

11  On May 5, 2025, Defendant removed this action from California Superior Court, Fresno.
12  County. (ECF No. 1.) Along with Defendant's notice of removal, Defendant included Plaintiff's
13  complaint, which brings the following causes of action: 1) violation of California Civil Code
14  § 1793.2(b) – failure to repair; 2) violation of the Song-Beverly Act – breach of implied warranty
15  of merchantability and fitness, Cal. Civ. Code § 1790 et seq.; 3) violation of the Magnuson-Moss
16  Warranty Act, 15 U.S.C. § 2301 et seq.; 4) violation of California Commercial Code § 2313 –
17  breach of express warranty; 5) violation of California Commercial Code § 2314 – breach of
18  implied warranty of merchantability; 6) violation of the California Consumer Legal Remedies Act
19  ("CLRA") § 1770 et seq.; and 7) violation of the California Unfair Competition Law, Business &
20  Professional Code § 17200, et seq. (ECF No. 1-1, ¶¶ 27-106.) In his prayer for relief, Plaintiff
21  seeks general, special, and actual damages; recission of the purchase contract and restitution of all
22  monies expended; diminution in value; incidental and consequential damages; civil penalty in the
23  amount of two times Plaintiff's actual damages; punitive damages under the CLRA; equitable
24  relief, including an order enjoining Defendant from further acts and practices for to constitute
25  unfair competition; prejudgment interest; revocation of acceptance of the subject vehicle; and
26  reasonable attorney's fees and costs. (Id. at p. 17.)

27  On June 4, 2025, Plaintiff moved to remand this matter back to state court, arguing that
28  Defendant had not supported its claim that this case meets the Magnuson-Moss Warranty Act

1  jurisdictional threshold of $50,000. (ECF No. 7, p. 3.) In the alternative, Plaintiff requests that
2  the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law
3  claims. (Id. at p. 4.) The assigned District Judge referred the motion to the undersigned for the
4  preparation of findings and recommendations. (ECF No. 8.) On June 18, 2025, Defendant filed
5  an opposition, appending a declaration from Soheyl Tahsildoost, attorney of record for Defendant
6  Tesla, Inc., and a true and correct copy of the conditional sale contract and security agreement for
7  Plaintiff's purchase of the vehicle. (ECF No. 12.) Plaintiff did not file a reply.

8       On July 9, 2025, the Court held a hearing and heard from counsel on Plaintiff's motion.
9  (ECF No. 14.) During discussion, Plaintiff submitted that because he sought recission as a
10 remedy (ECF No. 1-1, ¶ 69), Defendant Tesla had met its burden in establishing the $50,000
11 jurisdictional threshold for the federal Magnuson-Moss claim. However, Plaintiff asked that the
12 Court consider his alternative argument regarding supplemental jurisdiction. In light of the
13 forgoing, the Court will focus on the issue of whether the Court should exercise supplemental
14 jurisdiction over Plaintiff's state-law claims.

## II.

## LEGAL STANDARDS

17      When "a complaint includes the requisite federal question, a federal court often has power
18 to decide state-law questions too." Royal Canin U.S.A., Inc. v Wullschleger, 604 U.S. 22, 27
19 (2025). In Mine Workers v. Gibbs, the Supreme Court held that "a federal court may exercise
20 supplemental jurisdiction over the state claim so long as it 'derive[s] from' the same 'nucleus of
21 operative fact' as the federal one. 383 U.S. 715, 725 (1966). The Court "reasoned that when the
22 two claims are so closely related, they make up 'but one constitutional 'case.'" Royal Canin, 604
23 U.S. at 27. Following Gibbs, Congress confirmed the Court's view, codifying supplemental
24 jurisdiction in 28 U.S.C. § 1367.

25      In turn, § 1367 provides that "jurisdiction over a federal-law claim brings with it
26 supplemental jurisdiction over a state-law claim arising from the same facts." Royal Canin, 604
27 U.S. at 27. Whether "[t]he federal court has supplemental jurisdiction over state-law claims"
28 depends on if the state-law claims share "a 'common nucleus of operative fact' with the federal-

law ones." Id., quoting Gibbs, 383 U.S. at 725.

That said, courts have some discretion and may, under certain circumstances, "decline to hear a state claim falling within the statute's bounds." Id., citing 28 U.S.C. § 1367. Subsection (c) of § 1367 "provides that a district court 'may decline to exercise supplemental jurisdiction' in three specific situations: (1) if the supplemental claim 'raises a novel or complex issue of State law'; (2) if the supplemental claim 'substantially predominates' over the claims within the court's original jurisdiction; and (3) if the district court 'has dismissed all claims over which it has original jurisdiction.'" Id., quoting 28 U.S.C. § 1367(c).

In addition, the statute provides for a catchall provision allowing a court to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). When a party moves for remand based on § 1367(c)(4), a district court undertakes a two-party inquiry. Arroyo v. Rosas, 19 F.4th 1202, 1210 (9th Cir. 2021). First, a court must "articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." Id. (internal quotation omitted). Second, "in determining whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in Gibbs." Id.

### III.
### DISCUSSION AND ANALYSIS

#### A. Magnuson-Moss Claim

The Court reiterates that Plaintiff submitted at the hearing that because he sought recission as a remedy (ECF No. 1-1, ¶ 69), Defendant Tesla had met its burden in establishing the $50,000 jurisdictional threshold for the federal Magnuson-Moss claim. Upon review of the complaint and the evidence proffered in Defendant's opposition (ECF No. 12), the Court agrees and finds that Defendant has met its burden.

Accordingly, the Court will recommend that Plaintiff's motion to remand be denied.

#### B. Supplemental Jurisdiction

Plaintiff argues that the Court should decline to exercise supplemental jurisdiction over

his state-law claims for two reasons.[1]  First, Plaintiff argues that "state claims substantially predominate over the federal [Magnuson-Moss] claim." (ECF No. 7, p. 4), citing 28 U.S.C. § 1367(c)(2).  Second, Plaintiff contends that "there are exceptional circumstances," including "the interests of comity and federalism," and—again—that state law predominates.  (Id.), citing 28 U.S.C. § 1367(c)(4).  The Court is not persuaded.

From the outset, the Court finds that Plaintiff's federal and state-law claims share a common nucleus of operative fact: all of Plaintiff's claims arise from the sale of an alleged lemon vehicle and the purported breach of warranties thereof.  Thus, despite Plaintiff's attempt to split the atom at the hearing, this is a quintessential case where the Court would exercise supplemental jurisdiction.

Significantly, Plaintiff has not explained how state law predominates over the federal claim nor is it apparent to the Court.  Indeed, the District Court has consistently exercised supplemental jurisdiction in lemon law cases with a Magnuson-Moss claim comingled with the usual state-law suspects.  See, e.g., Samarneh v. Mercedes-Benz USA, LLC, 1:23-cv-00930-KLM-EPG, 2025 WL 1727034 (E.D. Cal. June 20, 2025); Olguin v. FCA US LLC, No. 1:21-cv-01789-JLT-CDB, 2024 WL 4012103 (E.D. Cal. Aug. 30, 2024); Cruz v. Ford Motor Company, No. 1:24-cv-00263-JLT-SAB, 2024 WL 3697549 (E.D. Cal. Aug. 7, 2024), F&R adopted, 2024 WL 4216751 (E.D. Cal. Sept. 17, 2024).

Moreover, as this is a run-of-the-mill lemon law case, Plaintiff has not articulated that there are exceptional circumstances here.  As such, the Court need not delve into the Gibbs factors.  Yet, even if the Court were—considering economy, convenience, fairness, and comity—none of the factors counsel against declining supplemental jurisdiction; rather, each one supports the exercise of supplemental jurisdiction here.  In sum, Plaintiff's arguments are unavailing.

In light of the forgoing, the Court will recommend denying Plaintiff motion insofar as it seeks to have the Court decline to exercise supplemental jurisdiction.

///

---

[1] The Court notes that it appears that Plaintiff would have the Court sever the federal claim by dismissing the state-law claims.  See Gibbs, 383 U.S. at 726-27.

## IV.

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand or, alternatively, decline the exercise of supplemental jurisdiction be DENIED. (ECF No. 7).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge